VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

JAGDISH R. KHANDELWAL,

    Plaintiff,

v.

POMEROY IT SOLUTIONS SALES COMPANY, INC.,

Serve: Registered Agent Solutions, Inc.
      7288 Hanover Green Dr.
      Mechanicsville, VA 23111
      (Hanover County)

    Defendant.

No. CL18-810

## Complaint

Plaintiff Jagdish R. Khandelwal ("Khandelwal"), by counsel, files this Complaint against defendant Pomeroy IT Solutions Sales Company, Inc. ("Pomeroy").

### Introduction

1. Pomeroy willfully, with malice or reckless indifference to Khandelwal's federally protected rights, harassed, wrongfully discharged, and retaliated against Khandelwal because of Khandelwal's disabilities and his opposition to unlawful discrimination, all in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by, inter alia, the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("ADA").



## Parties

### Plaintiff

2.  Khandelwal is an adult citizen of Virginia, residing in Henrico County.

3.  For many years and throughout his employment with Pomeroy, Khandelwal has suffered from insulin dependent diabetes, asthma, severe arthritis, and morbid obesity, all of which are permanent physical impairments that substantially limit Khandelwal's major life activities, including breathing, standing, walking, and climbing stairs.

4.  Khandelwal's insulin dependent diabetes, asthma, severe arthritis, and morbid obesity are each a disability as "disability" is defined in § 3 of the ADA, 42 U.S.C. § 12102.

5.  During his employment with Pomeroy, Khandelwal was actually disabled within the meaning of "disability" as defined in § 3 of the ADA, 42 U.S.C. § 12102 and Pomeroy had knowledge that Khandelwal was so "disabled."

6.  During his employment with Pomeroy, Khandelwal had a record of disability as defined in § 3 of the ADA, 42 U.S.C. § 12102 and Pomeroy had knowledge that Khandelwal had such a "record of disability."

7.  During his employment with Pomeroy, Pomeroy perceived Khandelwal as having physical impairments which substantially limited his major life activities as such perception is defined

in § 3 of the ADA, 42 U.S.C. § 12102.

8. During Khandelwal's employment with Pomeroy, Khandelwal was a "qualified individual with a disability" as defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8), because despite his disabilities Khandelwal with reasonable accommodation was qualified to perform and could perform all of the essential duties of his position with Pomeroy.

### Defendant

9. Pomeroy is a Delaware corporation.

10. Pomeroy's principal office is located at 1020 Petersburg Road, Hebron, Kentucky.

11. Throughout Khandelwal's employment with Pomeroy, and continuing to the present time, Pomeroy has been an employer subject to the requirements of the ADA.

12. Throughout calendar year 2016, calendar year 2017, and continuing in calendar year 2018 through the present time, Pomeroy has employed more than 500 employees.

13. Throughout Khandelwal's employment with Pomeroy, and continuing to the present time, Pomeroy has been a "covered entity" and an "employer" as defined in § 101(2) and (5) of the ADA, 42 U.S.C. § 12111(2) and (5).

14. During Khandelwal's employment with Pomeroy, and continuing to the present time, Pomeroy has had actual knowledge that it was subject to the requirements and prohibitions of the

ADA with regard to its treatment of employees, including Khandelwal.

## Facts

15. Pomeroy's nationwide services include providing IT staffing services to clients/customers in Henrico County, Virginia, which is where Pomeroy employed Khandelwal.

16. Pomeroy hired Khandelwal as a full time employee on or about December 13, 2015.

17. Pomeroy hired Khandelwal to provide IT services to McKesson Medical-Surgical, Inc. ("McKesson") with the job title of Desktop Support Specialist.

18. As an employee of Pomeroy, Khandelwal's hourly wage was $20.75 per hour.

19. Khandelwal became eligible for and obtained certain employee benefits, including group health insurance, on February 1, 2016.

20. At the time of his application for a position and at the time of his hire into his position, Khandelwal advised Pomeroy of the physical impairments and limitations from which he suffered because of his disabilities.

21. With full knowledge of his physical impairments and limitations, Pomeroy stated to Khandelwal and agreed with Khandelwal that Khandelwal was qualified to perform the duties of

the position of a Desktop Support Specialist with such reasonable accommodations as may be necessary.

22. At the time of Khandelwal's hire, Pomeroy told Khandelwal that his job duties at and for McKesson would include approximately seven hours per day working in a computer lab doing computer imaging; the computer imaging work was primarily sedentary work.

23. At the time of his hire, Pomeroy told Khandelwal that approximately one hour of his work day would be working "on the floor."

24. Khandelwal's physical impairments of insulin dependent diabetes, asthma, severe arthritis, and morbid obesity were obvious to and known to his co-workers and supervisors.

25. Khandelwal's co-workers and supervisors knew from personal observation how Khandelwal's physical impairments caused substantial limitations on certain of his major life activities such as breathing, standing, walking, and climbing stairs.

26. Within a few days after Khandelwal started his employment for Pomeroy at McKesson, Pomeroy substantially changed Khandelwal's job duties so that Khandelwal was required to work approximately seven hours per work day "on the floor" and one hour per work day in the computer lab.

27. After his hire, Khandelwal was required to push carts heavily loaded with computers, which had not been part of the job

for which he was hired as it had been explained to him at the time of his hire.

28. After hiring Khandelwal, Pomeroy began subjecting Khandelwal to criticism and hostility because of his physical limitations and disabilities.

29. Among other harassment, Pomeroy, first by Mike Wunderlich and Tria Idleman, aggressively accused Khandelwal of taking too long to perform the insulin injections that he required during the work day.

30. Among other harassment, Pomeroy, by Randy Segundo, complained that Khandelwal was moving about his work station without getting out of his office chair, which had wheels and was easily mobile. Using the chair to move around made it easier for Khandelwal to perform the duties of his position primarily because of the fact that it reduced the stress on his knees. Khandelwal's use of the chair to move around created no detriment of any kind to Pomeroy.

31. Even if using an office chair to move around while performing work duties was not normally done by employees of Pomeroy, permitting such use of an office chair was a reasonable accommodation that permitted Khandelwal to better perform the duties of his position.

32. With regard to Khandelwal's use of his chair to move around, Pomeroy, by Segundo, also harassed Khandelwal because

Khandelwal performed certain work duties, such as opening incoming shipments and packing computers for outgoing shipping while sitting in a chair. Khandelwal's use of a chair also created no detriment of any kind to Pomeroy and even if otherwise not preferred by Pomeroy was a reasonable accommodation for Khandelwal's physical limitations and disabilities.

33. Although certain employees of Pomeroy understood Khandelwal's disabilities, his need for reasonable accommodations, and were supportive of providing such accommodations as were necessary; certain employees of Pomeroy who had supervisory or managerial control over his employment became more and more hostile toward Khandelwal, refusing reasonable accommodations that he needed, and subjecting him to hostility because of his need and requests for reasonable accommodations.

34. On several occasions, Khandelwal discussed with Pomeroy the fact that Khandelwal was being subjected to a hostile work environment because of the attitudes of Pomeroy employees with whom he was working and to whom he reported in his chain of command.

35. After Khandelwal expressly complained about the existence of a hostile work environment and the refusals of his requests for reasonable accommodation, the hostility of employees of Pomeroy toward him increased.

36. Khandelwal continued to work at Pomeroy to the best of his ability in a manner that met any reasonable expectations of Pomeroy despite being treated differently in the terms and conditions of his employment, being harassed in numerous ways, and being denied reasonable accommodations.

37. On or about May 6, 2016, Pomeroy fired Khandelwal.

38. Pomeroy terminated Khandelwal's employment because of his disabilities and because of his opposition to the unlawful harassment to which he had been subjected because of his disabilities and his need for reasonable accommodations.

39. After his discharge, including in the fall of 2016, Pomeroy placed public job advertisements with which Pomeroy was seeking to hire Desktop Support employees in a position that was the same as the position from which Khandelwal was discharged.

40. After seeing the public job advertisements for the same position from which Pomeroy had discharged him, Khandelwal inquired about and applied for the position.

41. Pomeroy ignored Khandelwal's inquires and applications for his former position, and did not return calls or acknowledge in any way his interest in the position.

42. Pomeroy's failure to respond to Khandelwal's inquiries and application for employment after his discharge was because of his disabilities and his opposition to unlawful disability discrimination, and was a violation of the ADA.

## Procedural History

43. On or about February 10, 2017, a date within 300 days of his discharge from employment with Pomeroy, Khandelwal filed a charge of discrimination (EEOC Charge No. 438-2017-00449) against Pomeroy with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Council on Human Rights.

44. Khandelwal's charge of discrimination alleged that Pomeroy had harassed Khandelwal, failed to provide reasonable accommodation, and terminated Khandelwal's employment, all in violation of the ADA.

45. On November 20, 2017, the EEOC issued to Khandelwal a Dismissal and Notice of Right to Sue.

46. Khandelwal is filing this action within ninety (90) days of the issuance of the Dismissal and Notice of Right to Sue.

## Statement of Causes of Action

### Count 1: ADA: Unlawful Harassment Because of a Disability

47. Acting with malice or with reckless indifference to Khandelwal's federally protected rights, Pomeroy harassed and discriminated against Khandelwal by treating him differently in the terms and conditions of his employment compared with employees without disabilities in violation of the ADA; including with regard to the discriminatory remarks made to him about the time it took him to inject insulin, about his use of a chair to move around his work station, and about his sitting down to

perform certain work duties in violation of the ADA; as a result, Khandelwal has suffered lost employment, lost wages, lost benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Count 2: ADA: Refusal to Provide Reasonable Accommodation

48. Acting with malice or with reckless indifference to Khandelwal's federally protected rights, Pomeroy failed and refused to provide Khandelwal with reasonable accommodations for his disabilities in violation of the ADA; as a result, Khandelwal has suffered lost employment, lost wages, lost benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Count 3: ADA: Wrongful Discharge Because of Disability

49. Acting with malice or reckless indifference to Khandelwal's federally protected rights, Pomeroy terminated Khandelwal's employment because of Khandelwal's disability or disabilities, in violation of the ADA; as a result, Khandelwal has suffered lost employment, lost wages, lost benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Count 4: ADA: Retaliation

50.  Acting with malice or reckless indifference to Khandelwal's federally protected rights, Pomeroy terminated Khandelwal's employment and refused to hire Khandelwal in retaliation for Khandelwal's good faith opposition to Pomeroy's unlawful discrimination against Khandelwal because of his disabilities and requests for reasonable accommodation, in violation of the ADA; as a result, Khandelwal has suffered lost employment, lost wages, lost benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Jury Demand

51.  Khandelwal demands trial by jury.

### Relief Requested

WHEREFORE, Khandelwal asks that this Court enter Judgment in his favor against Pomeroy, awarding him the following relief:

52.  Reinstatement to the position that Khandelwal would hold with Pomeroy but for Pomeroy's wrongful conduct, with all seniority and benefits restored; or, in the alternative, if reinstatement is found impractical or impossible, such front pay as the evidence supports;

53.  His lost wages and benefits;

54.  Compensatory damages in the amount of $300,000;

55. Punitive damages in the amount of $300,000;

56. His costs and attorney's fees incurred, including all reasonable legal expenses incurred;

57. Pre- and post-judgment interest; and

58. Such other and further relief as is proper.

Dated this 7th day of February, 2018.

Respectfully Submitted,

JAGDISH R. KHANDELWAL

By: _____
　　　　　Counsel

David R. Simonsen, Jr.
Virginia Bar Number 20078
Vickey A. Verwey
Virginia Bar Number 20267
**Attorneys for Plaintiff**
8003 Franklin Farms Drive, Suite 131
Richmond, Virginia 23229-5107
Tel: (804) 285-1337
Fax: (804) 285-1350
Email: DSimonsenJ@aol.com
Email: VAVerwey@aol.com

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

| | |
|---|---|
| JAGDISH R. KHANDELWAL, | : Case No. CL18-810 |
| Plaintiff, | : |
| v. | : **NOTICE OF APPEARANCE OF** |
| | : **DEFENSE COUNSEL** |
| POMEROY IT SOLUTIONS SALES COMPANY, INC., | : |
| Defendant. | : |

Notice is hereby given that the undersigned J. Eric Quinn of Dinsmore & Shohl LLP hereby enters his appearance on behalf of Defendant Pomeroy IT Solutions Sales Company, Inc. in the above-entitled cause.

Respectfully submitted,

*/s/ Eric Quinn*
J. Eric Quinn (VA Bar No. 84337)
DINSMORE & SHOHL LLP
255 E. 5th Street, Suite 1900
Cincinnati, OH 45202
513-977-8606 (telephone)
513-977-8141 (facsimile)
Eric.quinn@dinsmore.com
*Attorney for Defendant*

### CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Notice was served via first class United States mail this 22nd day of February, 2018 on the following counsel of record: David R. Simonsen, Jr. and Vickey A. Verwey, 8003 Franklin Farms Drive, Suite 131, Richmond, Virginia 23229-5107.

*/s/ Eric Quinn*
J. Eric Quinn

12363130v1